

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAR -6 2020

RICK WARREN
COURT CLERK

| | |
|---|---|
| JASON TODD REINART, an individual | ) |
| | ) |
| Plaintiff, | ) |
| | ) CJ - 2020 - 1344 |
| v. | ) Case No. _____ |
| | ) |
| MEDICUS AURI LLC, an Oklahoma | ) |
| limited liability company; | ) |
| CATHERINE NORED, an individual; | ) |
| SHAWN GILLISPIE; an individual; and | ) |
| RUSTY CAGLE, an individual, | ) |
| | ) |
| Defendants. | ) |

## PETITION

Plaintiff, Jason Todd Reinart ("Mr. Reinart" or "Plaintiff"), for his claims against Defendants, Medicus Auri LLC ("Medicus"), Catherine Nored ("Ms. Nored"), Shawn Gillispie ("Mr. Gillispie"), and Rusty Cagle ("Mr. Cagle") ("Defendants" collectively), alleges and states as follows:

### JURISDICTION AND VENUE

1. Mr. Reinart is an individual resident of Potter County, State of Texas.

2. Medicus Auri LLC is an Oklahoma limited liability company with its principal place of business in Oklahoma County, located specifically at 9990 S. May Ave., Oklahoma City, Oklahoma 73159.

3. Upon information and belief, Ms. Nored is an individual resident of the State of Texas.

4. Upon information and belief, Mr. Gillispie is an individual resident of the State of Texas.

5.  Upon information and belief, Mr. Cagle is an individual resident of the State of Texas.

6.  Venue is proper in this Court because the events giving rise to this Petition occurred in Oklahoma County, State of Oklahoma, and Medicus Auri LLC's principal place of business in located in Oklahoma County, State of Oklahoma.

## FACTUAL BACKGROUND

7.  In or about December 2018, Mr. Gillispie contacted Mr. Reinart via telephone to solicit interest in the Investment (as defined hereafter) (the "Initial Contact").

8.  Following the Initial Contact, Mr. Gillispie and Mr. Reinart had an in-person meeting at Mr. Gillispie's office in Amarillo, TX, wherein Mr. Gillispie again solicited the Investment.

9.  Following Mr. Gillispie's solicitation of the Investment, Mr. Gillispie transported Mr. Reinart to a meeting in Oklahoma City, OK in or about December 2018, where Ms. Nored and Mr. Cagle solicited the Investment in Medicus from Mr. Reinart (the "OKC Meeting").

10.  The solicitation at the OKC Meeting included various representations by Mr. Cagle and Ms. Nored about the certainty of return on the Investment and the rarity of the opportunity.

11.  At the OKC Meeting, Mr. Cagle represented that this was the best investment opportunity he had ever seen.

12.  The OKC Meeting resulted in Mr. Reinart entering into a Membership Unit Purchase and Collateral Agreement (the "Agreement"), whereby Mr. Reinart agreed to invest Five Hundred Thousand Dollars ($500,000.00) (the "Investment") to allegedly fund Medicus' working capital and general company needs. In return, Mr. Reinart was to receive forty-nine (49) non-voting units of Medicus shares.

13. Mr. Reinart was to hold the non-voting units of Medicus shares as collateral security for six (6) calendar quarters. After the expiration of the six (6) quarters, Mr. Reinart was to return the non-voting shares to Medicus.

14. The Agreement set the Closing Date for January 4, 2019. Two (2) quarters after the Closing Date, Medicus was required to repay Mr. Reinart his initial Investment ($500,000.00) plus an additional $150,000.00. As such, on July 4, 2019, and per the Agreement, Medicus was required to pay Mr. Reinart $650,000.00.

15. On July 4, 2019, Medicus did not pay Mr. Reinart $650,000.00 as it was required to per the Agreement. To date, Medicus has neither repaid Mr. Reinart for his initial Investment, nor paid Mr. Reinart any of the additional monies he is owed per the Agreement.

16. After failing to pay Mr. Reinart the $650,000.00 he was owed on July 4, 2019, Medicus made a distribution to Mr. Gillispie on October 18, 2019 totaling $150,000.00, which distribution was made to the exclusion of other investors (the "Unlawful Distribution").

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

Plaintiff adopts and incorporates by reference paragraphs 1-16 above as if fully set forth herein.

17. The parties entered into the Agreement on January 4, 2019.

18. The Agreement required (1) Mr. Reinart to invest $500,000.00 to fund Medicus' working capital and general company needs and (2) Medicus to pay Mr. Reinart $650,000.00 on July 4, 2019.

19. Mr. Reinart performed his portion of the Agreement when he tendered Medicus $500,000.00

20. Medicus has wholly failed to perform its contractual duties by failing to pay Mr. Reinart $650,000.00, as required by the Agreement.

21. As a result of Medicus' failure to perform its portion of the Agreement, Plaintiff has been damaged in excess of $650,000.00.

## SECOND CLAIM FOR RELIEF – VIOLATION OF OKLAHOMA SECURITIES ACT

Plaintiff adopts and incorporates by reference paragraphs 1-21 above as if fully set forth herein.

22. In an attempt to induce Mr. Reinart to make his $500,000.00 Investment, Defendants intentionally and willfully misrepresented material facts about the overall viability of the business.

23. In an attempt to induce Mr. Reinart to make his $500,000.00 Investment, Defendants intentionally and willfully omitted material facts concerning Medicus' financial condition.

24. In an attempt to induce Mr. Reinart to make his $500,000.00 Investment, Defendants intentionally and willfully made untrue statements of material facts regarding how Mr. Reinart's investment would be spent.

25. The Defendants unlawfully solicited the Investment in the security, being membership interest in Medicus (the "Security"), which such Security has not been registered with the Oklahoma Securities Commission as required by law.

26. In an attempt to induce Mr. Reinart to make his $500,000.00 Investment, Defendants intentionally and willfully misrepresented material facts about Medicus' ability to repay Mr. Reinart's Investment pursuant to the terms contained in the Agreement.

27. At the time Defendants made these misrepresentations and omissions, Defendants knew or should have known the statements were false or incomplete.

28. Mr. Reinart relied on Defendants' misrepresentations and omissions when he decided to make the Investment.

29. As a direct result of Defendants' material misrepresentations and omissions, Plaintiff has been damaged in excess of $650,000.00.

## THIRD CLAIM FOR RELIEF – FEDERAL EXCHANGE ACT OF 1934
### (Section 10(b))

Plaintiff adopts and incorporates by reference paragraphs 1-29 above as if fully set forth herein.

30. In an attempt to induce Mr. Reinart to make his $500,000.00 Investment, Defendants intentionally and willfully made misrepresentations and omissions including but not limited to (1) the overall viability of the business, (2) Medicus' financial condition, (3) how Mr. Reinart's investment was to be utilized, and (4) Medicus' ability to repay Mr. Reinart pursuant to the terms of the Agreement.

31. At the time Defendants made these misrepresentations and omissions, Defendants knew or should have know the statements were false or incomplete.

32. Mr. Reinart relied on Defendants' misrepresentations and omissions when he decided to make the Investment.

33. As a direct result of Defendants' material misrepresentations and omissions, Plaintiff has been damaged in excess of $650,000.00.

## FOURTH CLAIM FOR RELIEF –SECURITIES ACT OF 1933
(Section 12(a)(1) and (2))

Plaintiff adopts and incorporates by reference paragraphs 1-33 above as if fully set forth herein.

34. Pursuant to the Agreement, Medicus sold the Security to Mr. Reinart in return for his $500,000.00 investment.

35. In finalizing the sale of the security to Mr. Reinart, Defendants used instruments of interstate commerce.

36. Defendants did not comply with the registration or prospectus requirements contained in Section 5 of the Securities Act prior to soliciting Mr. Reinart for his Investment.

37. As a direct result of Defendants' violations of the Securities Act, Plaintiff has been damaged in excess of $650,000.00.

## FIFTH CLAIM OF RELIEF – FRAUD
(Individual Defendants, only)

Plaintiff adopts and incorporates by reference paragraphs 1-37 above as if fully set forth therein.

38. In an attempt to induce Mr. Reinart to make his $500,000.00 investment, Mr. Gillispie intentionally and willfully made misrepresentations and omissions at the Amarillo, Texas meeting including but not limited to (1) the overall viability of the business, (2) Medicus' financial condition, (3) how Mr. Reinart's Investment was to be utilized, and (4) Medicus' ability to repay Mr. Reinart pursuant to the terms of the Agreement.

39. In an attempt to induce Mr. Reinart to make his $500,000.00 investment, Ms. Nored and Mr. Cagle intentionally and willfully made misrepresentations and omissions at the OKC Meeting including but not limited to (1) the overall viability of the business, (2) Medicus' financial

condition, (3) how Mr. Reinart's Investment was to be utilized, and (4) Medicus' ability to repay Mr. Reinart pursuant to the terms of the Agreement

40. At the time Mr. Gillispie, Ms. Nored, and Mr. Cagle (collectively the "Individual Defendants") made the material misrepresentations and omissions, Individual Defendants knew or should have known the representations were false or incomplete.

41. The Individual Defendants made said misrepresentations and omissions with the intention that Mr. Reinart would rely on them.

42. Upon information and belief, Individual Defendants made said misrepresentations and omissions with no intention of ever repaying Mr. Reinart.

43. Mr. Reinart relied on Individual Defendants' misrepresentations and omissions when he decided to invest $500,000.00 into Medicus.

44. Mr. Gillispie received the Unlawful Distribution from Medicus with the approval of Ms. Nored and Mr. Cagle.

45. As a direct result of Individual Defendants' fraud, Plaintiff has been damaged in excess of $650,000.00 and is entitled to an award of both actual and punitive damages due to the individual Defendants' willful, intentional and malicious conduct.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Reinart requests judgment against Defendants in an amount equal to the sum all actual and punitive damages as the proof may warrant, fees and costs (including reasonable attorneys' fees and costs if warranted by applicable law), and all such other relief as this Court deems just and equitable.

Respectfully submitted,

*C. Eric Shephard* (signature)

Ryan J. Duffy, OBA No. 21160
C. Eric Shephard, OBA No. 22299
Dane H. Miller, OBA No. 33975
Fellers, Snider, Blankenship
  Bailey & Tippens, P.C.
100 North Broadway, Suite 1700
Oklahoma City, Oklahoma
Telephone: (405) 232-0621
Facsimile: (405) 232-9659
Email: rduffy@fellerssnider.com
       eshephard@fellerssnider.com
       dmiller@fellerssnider.com
***ATTORNEYS FOR PLAINTIFF***

#01858/838631